MA/TJ: USAO#2024R00256

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND PUMPHREY,<br><br>Defendant. | CRIMINAL NO. ABA-26-38<br><br>(Threats Transmitted by Interstate Communication, 18 U.S.C. § 875(c); Forfeiture: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

## INFORMATION

### COUNT ONE
(Interstate Threats)

The United States Attorney for the District of Maryland charges that:

On or about April 19, 2023, within the District of Maryland and elsewhere, the defendant,

**RAYMOND PUMPHREY,**

knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another, for the purpose of issuing a threat and with reckless disregard for the likelihood that the communication would be viewed as a threat; specifically, the defendant, using his cell phone, the internet, and the services of Google's YouTube platform, posted publicly-accessible messages containing threats to injure Black people, which stated, among other things,

> We must hang them. If we do not start to walk around seeing them hanging from trees we will all be in danger. We must hang 1000 every month. We can no longer allow blacks the freedom they have trashed. The more we hang the stronger American will become. Burn down the black community if they keep having kids this is what they create no more fear for the law abiding citizens. No more join me in making America safe again,

18 U.S.C. § 875(c).

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Interstate Threats Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**RAYMOND PUMPHREY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes/MJA*
Kelly O. Hayes
United States Attorney

January 29, 2026
Date